# EXHIBIT "1"

**EXHIBIT "1"**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROSELLE MCLAUGHLIN-ASHKENAZ ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL HOME HEALTH ) <br> SERVICES, LLC ) <br> ) <br> Defendant. ) | No. <br><br> Jury Demanded <br> 2010L005973 <br> CALENDAR/ROOM Y <br> TIME 00:00 <br> Statutory Action |

## COMPLAINT

COMES NOW Plaintiff, Roselle McLaughlin-Ashkenaz, by and through her attorneys, complains of Defendant, National Home Health Services, LLC as follows:

### PARTIES

1. Plaintiff, Roselle McLaughlin-Ashkenaz (hereinafter "Plaintiff") an individual, is a citizen of the State of Illinois and a resident of Cook County, Illinois.

2. Plaintiff was and remains a Licensed Practical Nurse and Mandated Reporter with the State of Illinois, Department of Financial and Professional Regulations, Division of Professional Regulations.

3. Plaintiff suffers from disabilities, which have affected one or more of her major life activities. Defendant is aware of her disabilities, her record of being disabled, and/or perceived her as disabled.

4. Defendant National Home Health Services, LLC (hereinafter "Defendant" or "NHHS") is a limited liability corporation organized under the laws of and incorporated in the State of Illinois with its principal office in Morton Grove, Cook County, Illinois.

5. Defendant is a health care company providing patient care services to homebound patients and to individuals living in senior communities. Defendant operates multiple wellness centers at various senior communities in the State of Illinois.

## FACTUAL ALLEGATIONS

6. On or around August 1, 2008, Plaintiff was hired by Defendant to work as a Community Coordinator Nurse managing Defendant's wellness center facility at The Park at Golf Mill, located in Niles, Illinois.

7. At all time relevant hereto, Plaintiff performed her job duties and responsibilities at or above Defendant's legitimate expectations.

8. During her employment, Plaintiff observed Defendant's employees committing various illegal activities, including but not limited to violations of Medicare service guidelines and financial exploitation of the elderly.

9. In or around November, 2008, Plaintiff began reporting these illegal activities to Defendant's owner, Mr. Gennady Gendelamn ("Gendelman"), and to Defendant's Director of Nurses, Ms. Deborah Steidl ("Steidl").

10. In addition, throughout her employment Plaintiff had informed Gendelman of possible HIPAA violations resulting from the maintenance of resident files in an un-lockable file cabinet.

11. In early February 2009, Plaintiff reported Defendant's violations of patient rights, including naming Gendelman in her complaint, to Maine Township.

12. Maine Township, designated as an investigatory body by the Illinois Department of Health Services, agreed to investigate Plaintiff's complaint.

13. On February 9, 2009, Plaintiff informed Defendant of violations of HIPAA regulations resulting from the hiring of an untrained twenty-four hour care giver.

14. On or about February 10, 2009, Gendelman met with Plaintiff in her office, discussing her complaints, extolling her to be more of a team player, and telling her to "re-think my employment with National Home Health Services."

15. On or about February 12, 2009, a staff member under Plaintiff's supervision witnessed one of Defendant's employees violate Illinois Department of Public Health patient care regulations, as an unlicensed staff member had dispensed medication to Patient Doe[1] after Gendelman ordered Patient Doe's care service discontinued because of past due invoices.

16. On or about February 16, 2009, Patient Doe's son accosted and threatened Plaintiff in her office because of billing errors.

17. This incident on February 16, 2009 resulted in Plaintiff experiencing tension headaches, heart palpitations, and anxiety.

18. The morning of February 17, 2009, Plaintiff e-mailed Gendelman regarding un-lockable file cabinet HIPAA compliance issue.

19. That same day, in response Defendant issued Plaintiff a memo regarding alleged complaints made against Plaintiff.

20. The following day, Plaintiff went to the emergency room to receive treatment for the tension headaches, heart palpitations, and anxiety resulting from the February 16, 2009 incident with Patient Doe's son.

21. Also on February 18, 2009, Plaintiff informed Defendant of the February 12, 2009 medication dispensing violation and February 16, 2009 incident with Patient Doe's son.

---

[1] Plaintiff has not identified the names of any patients or other non-Defendants in the interests of privacy.

3

22. At this time Plaintiff was ordered by her physicians to be off of work until February 26, 2009, while she underwent treatment.

23. During this medical leave Plaintiff was diagnosed by her physicians as suffering from an anxiety disorder and from high tension disorder.

24. On February 25, 2009, Plaintiff informed Defendant that she would need to extend her medical leave until March 3, 2009 per her physician's orders, while she underwent continuing treatment for her disabilities.

25. On or around March 3, 2009, Plaintiff officially notified Defendant of her work injury resulting from the February 16, 2009 incident with Patient Doe's son, and requested paperwork to file a Workers' Compensation claim.

26. Additionally, on or around March 3, 2009, Plaintiff issued Defendant a formal list of requests for accommodation. At the same time, Defendant requested medical documentation of Plaintiff's disabilities.

27. Additionally, on or around March 3, 2009, Plaintiff sent her staff a memo warning against possible violations of Illinois Department of Public Health patient care regulations.

28. On or around March 4, 2009, Plaintiff informed Defendant that she would need to extend her medical leave until March 23, 2009 per her physician's orders, while she underwent continuing treatment for her disabilities.

29. On or around March 16, 2009, Plaintiff reported Defendant's patient care violations referenced in her March 3, 2009 memo to the Illinois Department of Public Health.

30. Also on or around March 16, 2009, Plaintiff provided Defendant with medical documentation of her disabilities.

4

31. On March 23, 2009, Defendant and Plaintiff met at Defendant's principal office to discuss her requested accommodations.

32. On March 24, 2009, Plaintiff returned to work.

33. On March 26, 2009, Plaintiff notified Defendant of additional patient care violations committed by Defendant's unlicensed staff member.

34. Later in the day on March 26, 2009, Defendant suspended Plaintiff.

35. Defendant claims the suspension was due to staff member complaints made against Plaintiff in the three days she had returned to work from her medical leave of absence.

36. On April 3, 2009, Defendant terminated Plaintiff.

37. As a result of Defendant's unlawful retaliation and discrimination, Plaintiff has suffered lost wages and benefits, emotional distress and mental anguish, loss of enjoyment of life, damage to her professional reputation, and other non-pecuniary damages in excess of $30,000.

## COUNT I
## RETALIATORY DISCHARGE
## IN VIOLATION OF PUBLIC POLICY

38. Plaintiff herein re-alleges and reaffirms the allegations set forth above in paragraphs 1 through 37.

39. The State of Illinois has recognized a clear mandate of public policy to protect employees who report suspected illegal activity in the workplace. To further that clear mandate of public policy, the State of Illinois prohibits the discharge of employees who report suspected illegal activity in the workplace.

5

40. Additionally, there is a clear mandate of public policy in the State of Illinois that matters affecting the health, safety and welfare of the community are not of private concern but public concerns of the highest magnitude.

41. Plaintiff was terminated because of her persistent and repeated demands that Defendants adhere to the laws of Illinois and that Defendant take immediate corrective measures to its policies and practices that were endangering the health, safety, and welfare of Defendant's staff and patients and potentially the general public.

42. By its conduct as alleged herein, Defendant has subjected Plaintiff to a retaliatory discharge in violation of Illinois public policy.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard for her rights under Illinois law.

44. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Declare that Defendant's actions constitute unlawful retaliatory discharge in violation of Illinois public policy;

b) Award Plaintiff the value of all lost compensation and benefits as a result of Defendants' unlawful conduct.

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former positions; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory and punitive damages;

e) Award Plaintiff any applicable reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

6

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation;

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## RETALIATORY DISCHARGE
## IN VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT

45. Plaintiff herein re-alleges and reaffirms the allegations set forth above in paragraphs 1 through 37.

46. The State of Illinois has a clearly mandated public policy that prohibits any employer from engaging in any retaliatory or discriminatory conduct against an employee who reports Defendant's violation of state or federal law to a government agency.

47. Section 15 of The Illinois Whistleblower Act, 740 ILCS 174/1 et seq., prohibits an employer from retaliating against any employee "for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses violation of a State or federal law, rule or regulation." 740 ILCS 174/15.

48. Plaintiff, Roselle McLaughlin-Ashkenaz, is an employee as defined by Section 5 of the Illinois Whistleblower Act, 740 ILCS 174/5.

49. Defendant, National Home Health Services, is an employer as defined by Section 5 of the Illinois Whistleblower Act, 740 ILCS 174/5.

50. By its conduct as alleged herein, Defendant violated Sections 15 of the Illinois Whistleblower Act.

51. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard for her rights under Illinois law.

7

52. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a) Declare that Defendant's actions constitute unlawful retaliatory discharge in violation of the Illinois Whistleblower Act;

b) Award Plaintiff the value of all lost compensation and benefits as a result of Defendants' unlawful conduct.

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former positions; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory and punitive damages;

e) Award Plaintiff any applicable reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation;

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

### COUNT III
### RETALIATORY DISCHARGE
### IN VIOLATION OF WORKERS' COMPENSATION ACT

53. Plaintiff re-alleges paragraphs 1 through 37 and incorporates them as if fully set forth herein.

54. The State of Illinois has a clearly mandated public policy that prohibits any employer from engaging in any retaliatory or discriminatory conduct against an employee because of the exercise of rights under the Illinois Workers' Compensation Act.

8

55. Section 4(h) of the Illinois Workers' Compensation Act, 820 ILCS 305, et seq. provides in part that: "It shall be unlawful for any employer...to discharge, to threaten to discharge, to refuse to rehire or recall to active service in a suitable capacity an employee because of his or her rights or remedies granted to him or her by [the Illinois Worker's Compensation Act]." 820 ILCS 305/4(h)

56. Plaintiff, Roselle McLaughlin-Ashkenaz, is an employee as defined by Section 1(b) of the Illinois Workers' Compensation Act, 820 ILCS 305/1(b).

57. Defendant, National Home Health Services, is an employer as defined by Section 1(a) of the Illinois Workers' Compensation Act, 820 ILCS 305/1(a).

58. By its conduct as alleged herein, Defendant has violated the clearly mandated public policy of the State of Illinois by acting in retaliation for Plaintiff's exercise of rights under the Illinois Workers' Compensation Act.

59. Defendant's conduct toward Plaintiff illustrated a willful and reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

60. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

a) Declare that Defendant's actions constitute unlawful retaliatory discharge in violation of the Illinois Workers' Compensation Act;

b) Award Plaintiff the value of all lost compensation and benefits as a result of Defendants' unlawful conduct.

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former positions; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory and punitive damages;

9

e) Award Plaintiff any applicable reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation;

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

61. Plaintiff re-alleges paragraphs 1 through 37 and incorporates them as if fully set forth herein.

62. Title I of the Americans with Disabilities Act as amended, specifically 42 U.S.C. § 12101 et seq., makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because the employer regards the employee as suffering from a disability and/or because of the employee's record of a disability.

63. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her disabilities, because Defendant regard Plaintiff as disabled and/or because Defendant was aware of Plaintiff's record of having disabilities

64. Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

65. Plaintiff demands to exercise her right to a jury trial of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

10

a) Declare that Defendant's conduct was in violation of The Americans with Disabilities Act;

b) Award Plaintiff the value of all lost compensation and benefits as a result of Defendants' unlawful conduct.

c) Order Defendant to reinstate Plaintiff to a position equal to or greater than her former positions; or, in the alternative, award Plaintiff the value of compensation and benefits she will lose in the future as a result of Defendant's unlawful conduct;

d) Award Plaintiff any applicable compensatory and punitive damages;

e) Award Plaintiff any applicable reasonable attorney's fees, costs and disbursements;

f) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

g) Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent retaliation;

h) Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted,
ROSELLE MCLAUGHLIN-ASHKENAZ

By: *Jacob B. Shorr*
Attorney Plaintiff

Jacob B. Shorr
O'Malley & Madden, P.C.
542 S. Dearborn Street
Suite 660
Chicago, Illinois 60605
312-697-1382
Attorney No. 43401

11